IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

CHAMKAUR SAHOTA,

    Plaintiff,      No. 2:13-cv-00410-KJM-DAD

 vs.

WALGREEN CO., JOSEPH FRIELLO, et al.,

    Defendants.     <u>ORDER</u>

_____/

   This matter is before the court on plaintiff's motion to remand.  (ECF 6.) Plaintiff argues this court lacks diversity jurisdiction because not all defendants are diverse. The motion was decided without a hearing.  For the reasons below, the court GRANTS plaintiff's motion to remand and DENIES plaintiff's request for costs and fees.

I.  ALLEGED FACTS AND PROCEDURAL BACKGROUND

   Plaintiff worked for defendant Walgreen as a store manager in Meadow View, California.  (Compl. ¶ 9, Defs.' Notice of Removal, Ex. A, ECF 1.)  Plaintiff filed his complaint in state court in Sacramento, alleging only state causes of action, related to the termination of his employment, against corporate defendant Walgreen and individual defendant Joseph Friello.  (Compl. ¶¶ 23–55.)  The only cause of action relevant to this motion is

1  plaintiff's claim for defamation against Friello, who, as District Manager of Walgreen, served
2  as plaintiff's superior. (*See id.* ¶ 4.)
3          The events underlying plaintiff's defamation claim occurred on Friday, August
4  17, 2012. While plaintiff was working at Walgreen's Meadow View location, plaintiff's
5  employees reported two suspected shoplifters. (*Id.* ¶¶ 12–16.) Plaintiff approached the
6  suspects and told them to leave the stolen merchandise and depart the store. (*Id.* ¶ 12.) One
7  suspect complied; the other fled the store. (*Id.*) While fleeing, this suspect dropped
8  Walgreen's merchandise outside the store entrance. (*Id.*) Plaintiff stepped approximately five
9  feet outside the store to retrieve the merchandise. One of the suspects, returning to retrieve the
10 dropped merchandise, aggressively grabbed plaintiff's arm. (*Id.* ¶ 13.) Plaintiff responded by
11 putting his hands in the air to protect himself; at no point did he hit, touch, harm, or threaten the
12 suspected shoplifters. (*Id.*) As the suspects drove away, plaintiff obtained their vehicle's
13 license plate number. (*Id.* ¶ 14.) Plaintiff provided police a detailed report of what occurred.
14 (*Id.*) Later that day, police apprehended three people for their involvement in the event. (*Id.*
15 ¶ 15.) Plaintiff reported the incident to his District Manager, defendant Friello, who
16 commended plaintiff for the way he handled the situation. (*Id.* ¶ 16.)
17         The next day, local news reported the incident in detail. (*Id.* ¶ 17.) Shortly
18 thereafter, Friello fired plaintiff for "misconduct" related to the shoplifting incident. (*Id.* ¶¶ 18,
19 44.) The only cause of action plaintiff brings against defendant Friello is a claim for
20 defamation based on Friello's accusation of misconduct. (*Id.*) Friello published statements
21 about plaintiff's misconduct to plaintiff's prospective employers; as a result, plaintiff has not
22 been able to obtain a new job. (*Id.* ¶¶ 48–50.)
23         Plaintiff filed his complaint in state court on February 25, 2013, and defendants
24 removed on March 1, 2013. (ECF 1.) Plaintiff then filed the instant motion to remand on
25 March 26, 2013, arguing that this court lacks diversity jurisdiction because both plaintiff and
26 defendant Friello are citizens of California. (ECF 6.) Defendants opposed the motion on April
27 26, 2013, asserting that defendant Friello was fraudulently joined because the defamation claim
28 against him is not legally viable. (ECF 7.) Plaintiff did not file a reply.

II.     STANDARD

District courts have subject matter jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"; and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).  The removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper."  *Id.*; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction.").  Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, No. 1:09–CV–02061–OWW–GSA, 2011 WL 846151, at *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

III.    ANALYSIS

Plaintiff asserts Friello is a legitimate defendant because Friello's accusation of misconduct is a viable basis for a defamation claim under California law.  (Compl. ¶¶ 44–45.) Because it is uncontested that both plaintiff and defendant Friello are citizens of California,

(Defs.' Notice of Removal ¶¶ 5–8, ECF 1,) if Friello is legitimately named as a defendant, complete diversity is absent and this court lacks jurisdiction. (Pl.'s Mot. to Remand at 4–5 ECF 6.)

Defendants contend this court has jurisdiction because Friello is a sham defendant who cannot destroy diversity. (Defs.' Opp'n, ECF 7.) Defendants argue three reasons for which no legally viable defamation claim against Friello exists. First, Friello's statements are not provably false; second, plaintiff has not overcome privilege by pleading "malice"; and third, Friello cannot be liable for defamation as a matter of law under the doctrine of respondeat superior. (*Id.* at 4–6.)[1]

"A non-diverse defendant may be disregarded for purposes of determining complete diversity if that defendant was fraudulently joined." *Huber v. Tower Group, Inc.*, 881 F. Supp. 2d 1195, 1198 (E.D. Cal. 2012) (citing *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A "defendant has been fraudulently joined if the plaintiff fails to state a claim against a resident defendant, and the failure is 'obvious according to the well-settled rules of the state.'" *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (quoting *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002)).

"[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.* (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent." *Huber*, 881 F. Supp. 2d at 1199 (citing *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

---

[1] Defendants also argue plaintiff's allegation that he is compelled to self-publish Friello's defamatory statement lacks merit. (ECF 7 at 7–8.) The court need not address this argument because plaintiff adequately alleges that each defendant has published the defamatory statement. (*See, e.g.*, Compl. ¶ 48.)

The court, after addressing each of defendant's three arguments in turn, concludes defendants have not met their removal burden. Because defendant Friello is a legitimate defendant and both he and plaintiff are citizens of California for the purposes of diversity jurisdiction, complete diversity is absent. This court lacks jurisdiction and remands this action to state court.

A. Provably False Statement

To be actionable, a defamation claim must allege the defendant published a provably false statement. *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 695 (2012). A provably false statement is based on fact and not mere opinion; hence, where an expression of opinion implies a false assertion of fact, the opinion can be actionable. *Id.* at 695–96. In *Nygard, Inc. v. Uusi-Kerttula*, cited in defendants' opposition to remand, the court determined the defendant's statement that his work conditions were "horrible" was not a provably false statement because the word "horrible" reflects a person's subjective belief. 159 Cal. App. 4th 1027, 1052 (2008). "Horrible" was merely used to communicate the defendant's opinion that working for the company was unpleasant. *Id.*

In the instant case, defendants have not demonstrated by "clear and convincing evidence" that Friello's alleged accusation is impossible to disprove. *Huber*, 881 F. Supp. 2d at 1199. Plaintiff alleges defendant Friello accused plaintiff of "misconduct," which can reasonably be interpreted as communicating an objective fact that Friello violated a company rule or policy. In litigating this claim, either side may present evidence that tends to prove or disprove this fact. Thus, Friello's allegedly defamatory statement is provably false and plaintiff's claim may be maintained. *See Summit Bank*, 206 Cal. App. 4th at 695–96.

B. Privilege and the Malice Pleading Requirement

Statements made by managers to employees or third parties about work performance are privileged and cannot be the basis of a defamation claim without a showing of malice by the employer. CAL. CIV. CODE § 47(c); *see, e.g.*, *Lesperance v. N. Am. Aviation, Inc.*, 217 Cal. App. 2d 336, 341 (1963). A defendant acts maliciously when his conduct demonstrates hatred or ill will towards the plaintiff or shows reckless disregard for the

1  publication's truth. *Fam. Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363 (2003)).

Assuming without deciding that Friello's statement is privileged, the court finds plaintiff has pled sufficient facts to maintain his defamation claim. Plaintiff's allegation that defendants acted with an "improper and evil motive" is too conclusory to demonstrate malice. (Compl. ¶ 53.) However, plaintiff pleads facts that, when construed in the light most favorable to him, support a finding of malice on behalf of Friello. Plaintiff alleges Friello initially commended plaintiff for his actions during the shoplifting incident, but later stated those same actions amounted to "misconduct." (*Id.* ¶¶ 16–17.) Plaintiff also alleges he was a model employee, receiving promotions and "accommodations" for excellent performance, and that he violated no law or company policy. (*Id.* ¶¶ 8, 19.) The court can infer from the inconsistency in Friello's two statements, in light of evidence showing his change of heart was unjustified, that Friello was acting at minimum with reckless disregard for the truth.

C. Respondeat Superior

Under the doctrine of respondeat superior, a company may be liable for an employee's conduct when that employee is acting within the scope of his employment. *See Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1003 (1995).

Defendants' argument that respondeat superior also operates to exonerate Friello of any liability mistakes this doctrine of attribution for one of absolution. An agent may still be found liable for wrongdoing despite acting on behalf of an employer. *See, e.g.*, *Niles v. City of San Rafael*, 42 Cal. App. 3d 230, 238 (1974) (agent's principle who is found liable could be indemnified by the agent); *La Flower v. Merrill*, 28 F.2d 784 (N.D. Cal. 1928) (agent or servant is not excepted from liability for torts as to acts done in course of agency). Therefore, even if Walgreen is found liable for the defamatory actions of its employee, defendant Friello's legal accountability is not thereby expiated.

In sum, plaintiff states a viable claim for defamation against defendant Friello.

/////

6

1        D. Request for Costs and Attorney's Fees

2              Plaintiff argues he is entitled to costs and attorney's fees incurred as a result of defendant's baseless removal.  (Mot. to Remand at 9, ECF 6.)  Plaintiff alleges defendants effected removal to gain access to the Eastern District of California's "conservative jury pool and unanimous jury verdict requirement."  (*Id*.)  Defendants assert they removed based on a reasonably objective belief Friello was a sham defendant.  (ECF 6.)

              Courts have discretion to award attorney's fees when considering motions to remand.  Title 28 United States Code section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As the Ninth Circuit has observed, section 1447(c) was amended in 1988 explicitly to add "attorney fees" to the expenses that plaintiffs may recover upon an order of remand.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).  In enacting section 1447(c), Congress "unambiguously" left the decision to award fees to the discretion of the district court.  *Id*.  A district court may award fees to plaintiffs in section 1447(c) cases even absent a finding of bad faith.  *Id*.  The purpose of an award is not to punish defendants, but to reimburse plaintiffs for unnecessary litigation costs incurred as a result of the unsuccessful removal attempt.  *Id*. at 447.

              Nothing in the defendants' removal notice or opposition to remand indicates defendants acted in bad faith.  Moreover, sufficient ambiguity in the pleadings exists to warrant a reasonable belief there was no viable defamation claim against defendant Friello.  Because defendant's removal was not clearly baseless, the court declines to award attorney's fees.

IV.    CONCLUSION

              For the foregoing reasons, plaintiff's motion to remand is GRANTED.  This case is remanded to the Superior Court of California, Sacramento County.  Plaintiff's request for costs and fees is DENIED.

              IT IS SO ORDERED.

DATED: July 2, 2013.

_____
UNITED STATES DISTRICT JUDGE